UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DANIEL MICHAEL NEBEL, Jr.,<br><br>Movant. | No. 2:08-cr-0212-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Daniel Michael Nebel, Jr. ("movant") brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 642. For the reasons set forth below, the motion should be denied pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the District Courts.

## Screening

Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts requires that the court perform a preliminary review of any motion brought under § 2255. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 4, Rules Governing § 2255 Proceedings.

1

I.     Pro Se Filings

As an initial matter, movant has brought this motion pro se. The docket reflects, however, that counsel Mia Crager is still representing him. A litigant represented by counsel is not entitled to file documents with the court on their own behalf. *See*, *e.g., Meador v. Hammer*, No. 2:11-cv-3342 KJM AC P, 2015 U.S. Dist. LEXIS 32062, 2015 WL 1238363, at *2 (E.D. Cal. Mar. 16, 2015) ("[P]laintiff has previously been warned that pro se filings will be disregarded so long as he is represented by counsel. . . . For these reasons, the court will disregard plaintiff's pro se filing."); *Reiffin v. Microsoft Corp.*, No. C 98-0266 WHA, 2011 U.S. Dist. LEXIS 62164, 2011 WL 2359059, at *1 (N.D. Cal. June 10, 2011) ("[P]laintiff . . . himself—despite being represented by counsel—made a series of 'pro se' filings in the district court. These filings, which have since been stricken as improper . . . ."). If a claimant wishes to proceed with claims on a pro se basis, he and/or his counsel must comply with Local Rule 182 to obtain an order for his substitution in place of his counsel. He has not done so and at present cannot file documents on his own behalf.

II.    Merits

The motion is also without merit. Movant claims that, after charges were brought against him in state court, a federal detainer was filed against him on July 9, 2016. ECF No. 642 at 5. He states that, on July 3, 2018, the detainer was cancelled. *Id.* Then, on October 3, 2018, the detainer was refiled. *Id.* Now, movant argues that he has been denied a "speedy resolution and disposition of this matter . . . ." *Id.*

Here, movant indicates that the detainer was lodged against him while he was on supervised release, and he attributes the re-filing of the detainer in October to the assignment of a new "supervised release agent." *See id.* ("Between July and October 2018, the assigned supervised release agent . . . to petitioner was changed."). The Speedy Trial Clause does not apply to revocation cases. *See United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008); *see also United States v. Gavilanes-Ocaranza*, 772 F.3d 624, 628 (9th Cir. 2014) ("There is no Sixth Amendment right to a speedy trial in supervised release revocation proceedings, because those proceedings are not part of a criminal prosecution and thus the 'full panoply of rights due a defendant in such a proceeding does not apply.'").

To the extent movant claims that the federal detainer represents a more general violation of his due process, he has failed to allege that he has suffered any prejudice from the cancellation and re-filing of the detainer. *See United States v. Contreras*, 63 F.3d 852, 855 (9th Cir. 1995) (in reviewing pre-indictment delay claim, claimant must demonstrate that "actual prejudice" occurred from the delay.).

Finally, to the extent movant seeks to raise a claim under Interstate Agreement on Detainers Act[1] ("IADA"), that claim fails. Under Article III of the IADA, a prisoner in one jurisdiction may demand the speedy disposition of any untried "indictment, information, or complaint" that underlies a detainer brought against him in a separate jurisdiction. 18 U.S.C. App. 2, § 2, Art. III(a). The Supreme Court has held, however, that charges based on probation-violations "[do] not come within the terms of Article III." *Carchman v. Nash*, 473 U.S. 716, 725 (1985). And various district courts have interpreted *Carchman* to apply to violations of supervised release. *See United States v. Ruiz-Avarez*, 2010 U.S. Dist. LEXIS 78797, 2010 WL 3063919, at *1 (D. Or. Aug. 3, 2010) (collecting cases).

Conclusion

Based on the foregoing, it is hereby RECOMMENDED that

1. Movant's motion to vacate, set aside, or correct sentence (ECF No. 642) be DISMISSED pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the District Courts;
2. The Clerk be directed to close the companion civil case, No. 2:19-cv-0156-TLN-EFB; and
3. The Clerk be directed to enter judgment accordingly.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] The court raises this possibility solely out of an abundance of caution. Movant makes no reference to the IADA in his motion.

3

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE